E-FILED
Tuesday, 25 August, 2026 04:15:21 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| MONICA SCHULMANN,<br>Plaintiff,<br><br>v.<br><br>MARGO K BRODIE, *et al.*,<br>Defendant. | Case No. 1:26-cv-1279 |

## Order

Now before the Court is the Plaintiff, Monica Schulmann's Application to Proceed in the District Court Without Prepaying Fees or Costs (D. 2).[1] For the reasons set forth below, the Plaintiff's application to proceed *in forma pauperis* (IFP) is denied.

### I

"The federal *in forma pauperis* statute, [28 U.S.C. § 1915], is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915(e) directs a court to screen a complaint when filed together with a request to proceed IFP. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013). A court shall dismiss a case at any time if: 1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief may be granted; or 4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

The Federal Rule of Civil Procedure 12(b)(6) standard applies when determining whether a complaint fails to state a claim under Section

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1915(e)(2)(B)(ii). *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

**II**

Here, even construing the Complaint (D. 1) in the light most favorable to the Plaintiff, the allegations fall woefully short of stating a plausible claim for relief. In its entirety, the Complaint provides that "Certain Defendants have extramarital affairs, such affair though not publicized but have been overheard by many, A reprimand should be ordered immediately." (D. 1). The Plaintiff provides the Court and parties with no information as to how the Defendants violated federal law, what acts any particular Defendant engaged in, and what underlying facts support the Plaintiff's claim. The Complaint lacks practically every component of a well-pleaded Complaint; it provides no factual or legal basis for relief.

Accordingly, the Plaintiff's Motion to proceed *in forma pauperis* is denied, as there is currently no viable complaint on which this case may proceed. *See Van Brunt v. Wisconsin*, No. 09-CV-644-BBC, 2009 WL 3617649, at *2 (W.D. Wis. Oct. 29, 2009) (denying motion to proceed IFP because the "plaintiff's complaint alleges only factually baseless claims"); *see also Neal v. Miller*, 542 F. Supp. 79, 81 (S.D. Ill. 1982) (denying motion to proceed IFP because the "Plaintiff's claim is wholly without merit").

**III**

For the reasons set forth above, the Plaintiff's Application to Proceed in the District Court Without Prepaying Fees or Costs (D. 2) is denied, and her Complaint (D. 1) is dismissed without prejudice. The Plaintiff is granted leave to renew the pending Motion and amend her Complaint within 21 days if she believes she can state a claim in accordance with this Order.

*It is so ordered.*

Entered on August 25, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE